UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BRANNON CROWE | * | NO: |
| | * | |
| VERSUS | * | SECTION: |
| | * | |
| MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC | * * | MAGISTRATE: |

*********************************************************************

**SEAMAN'S COMPLAINT FOR DAMAGES**

The Complaint of **BRANNON CROWE,** a person of the full age of majority, with respect represents:

**I.**

Defendant, **MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC**, (hereinafter "**MARQUETTE TRANSPORTATION**") a foreign corporation doing business within the State of Louisiana and within the jurisdiction of this Honorable Court, is indebted unto plaintiff for all damages to which he is entitled to receive as prayed for herein, together with legal interest thereon from date of judicial demand until paid and for all costs of these proceedings for the following, non-exclusive, acts of negligence, as more specifically set forth below.

**II.**

Jurisdiction of this Court is invoked under the Jones Act, General Maritime Law and Diversity.

**III.**

On or about April 22, 2014, **BRANNON CROWE** was employed by **MARQUETTE TRANSPORTATION** as a Jones Act Seaman aboard the M/V LADY OF GUADALUPE.

**IV.**

At all pertinent times hereto **MARQUETTE TRANSPORTATION** owned, operated and/or controlled the M/V LADY OF GUADALUPE which was at all pertinent times a vessel in navigation.

**V.**

On or about April 22, 2014, plaintiff **BRANNON CROWE** experienced an accident which resulted in serious painful injuries to his knee and other parts of his body while employed by **MARQUETTE TRANSPORTATION**.

**VI.**

On information and belief, Plaintiff alleges that the sole and proximate cause of the above-described accident was the negligence of **MARQUETTE TRANSPORTATION** in the following, non-exclusive respects:

1. Breach of a legally imposed duty of reasonable care owed by the Defendant to the plaintiff;

2. Failure to provide a reasonably safe place to work;

3. Failure to properly train and supervise plaintiff;

4. Failure to take any means or precautions for the safety of

defendant's employees, including plaintiff;

5. Creation and maintenance of an unseaworthy vessel;
6. Failure to provide minimum safety requirements;
7. Failure to provide adequate equipment for the job in question;
8. Failure to provide adequate personnel for the job in question;
9. Other acts of negligence and unseaworthiness which will be shown at the trial of this matter.

**VII.**

As a direct result of the negligence of the defendant and the unseaworthiness of the vessel, Plaintiff, **BRANNON CROWE** is entitled to recover from the Defendant reasonable and just compensatory, special and general damages as prayed for herein and to be awarded by this Honorable Court in the following non-exclusive respects:

1. Past, present and future physical, mental and emotional pain and suffering;
2. Past, present and future loss of wages, fringe benefits and wage earning capacity;
3. Past and future physical disability;
4. Past, present and future medical expenses; and
5. All other special and general damages as will be shown at the trial of this matter.

**VIII.**

Pursuant to the General Maritime Law of the United States of America, **MARQUETTE TRANSPORTATION** had and continues to have the absolute and nondelegable duty to provide plaintiff with maintenance and cure benefits from the date that he was rendered unfit for duty until maximum cure is achieved.

**IX.**

As a result of the aforementioned accident, Plaintiff was rendered unfit for duty and presently remains unfit and incapable of returning to duty as a seaman.

**X.**

Therefore, the plaintiff prays for the payment of past, present and future adequate maintenance benefits as well as past, present and future payment of any and all cure benefits to which plaintiff is entitled. Should defendant, **MARQUETTE TRANSPORTATION** fail to honor its maintenance and cure obligation, the plaintiff is entitled to attorney's fees, punitive damages and an additional compensatory award for any acts of negligence on the part of the defendants which would result in a deterioration of the plaintiff's medical condition.

**XI.**

Plaintiff specifically alleges a claim for punitive damages against the defendant herein based upon General Maritime Law. This claim relates not only to any arbitrary and/or unreasonable failure of defendant to pay maintenance and cure benefits but also for any gross negligence of the defendant, or unseaworthiness of the vessel as may be allowed under General Maritime Law.

**XII.**

Plaintiff prays for a trial by jury on all issues raised herein.

**WHEREFORE,** Plaintiff prays that Defendant **MARQUETTE TRANSPORTATION** be duly cited to appear and answer this Complaint and after the legal delays and due proceedings had, there be Judgment herein in favor of the Plaintiff,

**BRANNON CROWE** and against the Defendant, **MARQUETTE TRANSPORTATION** for all damages to which the Plaintiff is entitled to recover for the reasons set forth herein, together with legal interest thereon from date of judicial demand until paid, for payment of all costs, including expert fees, and for all other general and equitable relief.

FURTHERMORE, plaintiff prays that defendant, **MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC** be cast in judgment in favor of the plaintiff for past, present and future adequate maintenance benefits as well as past, present and future payment of any and all cure benefits to which plaintiff is entitled by law and penalties and additional damages if applicable.

AND FOR ALL GENERAL AND EQUITABLE RELIEF.

Respectfully submitted,

*S/Timothy J. Young*
TIMOTHY J. YOUNG (22677)
TAMMY D. HARRIS (29896)
MEGAN C. MISKO (29803)
THE YOUNG FIRM
**THE YOUNG FIRM**
400 Poydras Street, Suite 2090
New Orleans, Louisiana 70130
Telephone (504) 680-4100
Facsimile (504) 680-4101