UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRANNON CROWE | CIVIL ACTION |
| VERSUS | NO. 14-1130 |
| MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC | SECTION "N" (5) |

### ORDER AND REASONS

Before the Court is the Plaintiff's "Motion to Exclude Evidence Related to Text and Facebook Messages" (Rec. Doc. 74), which is opposed by Defendant Marquette Transportation Company Gulf-Inland, L.L.C. With his motion, Plaintiff Brannon Crowe seeks to exclude from the evidence certain text and Facebook messages – some of which relate to credibility, lack of damages, and whether the alleged accident itself even occurred – purportedly sent or posted by him. As set forth herein, **IT IS ORDERED** that Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**.

Having reviewed the parties' supporting and opposing submissions (Rec. Docs. 74-1, 78 and 87), the Court is not convinced, on the present showing made, that any and all evidence of text messages between Plaintiff and Robert Falslev is properly excluded on grounds of admissibility. Rather, the objections raised by Plaintiff regarding such evidence are instead properly brought to the attention of the jury by means of cross-examination, such that the jury can determine what

weight, if any, to give to the testimony and documentary evidence associated with the subject messages. Thus, in this respect, **IT IS ORDERED** that Plaintiff's motion is **DENIED**.

Plaintiff's motion also objects to the introduction of any text messages that were reproduced by forensic examination from his iPhone, and the some 4,000 pages of Facebook messages retrieved from his Facebook history that have been produced herein, to the extent that the messages are unrelated to the issues presented in this case. It presently is not apparent to the Court that more than a few of these messages are relevant to the disputed issues of this case. Indeed, in responding to Plaintiff's motion, Defendant Marquette characterizes many of the Facebook messages as "likely irrelevant" and declines any intention of seeking to use at trial any such "data that is no relevant or material." See Rec. Doc. 76, pp. 1 and 5. Accordingly, **IT IS FURTHER ORDERED** that Plaintiff's motion is **GRANTED** to the extent that it seeks exclusion of messages that portray the him in an unflattering or undesirable light but are not related to liability and/or damages. Given that the parties have not specified the particular messages that each will seek to introduce at trial, however, **IT IS FINALLY ORDERED** that the parties shall promptly confer for that purpose and, no later than Monday, August 10, 2015 (two weeks before the trial date), provide to the Court a copy of each and every such message, as well as a short memorandum explaining the evidentiary value and relevance of the message.

New Orleans, Louisiana, this 15th day of <u>July</u> 2015.

_____
**KURT D. ENGELHARDT**
**United States District Judge**