UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRANNON CROWE | CIVIL ACTION |
| VERSUS | NO. 14-1130 |
| MARQUETTE TRANSPORTATION COMPANY GULF-INLAND LLC | SECTION "N" (5) |

## COURT'S INSTRUCTIONS FOR JURY

MEMBERS OF THE JURY:

YOU HAVE HEARD THE EVIDENCE IN THIS CASE AND CLOSING ARGUMENTS BY THE PARTIES' ATTORNEYS. IT IS NOW MY DUTY AND RESPONSIBILITY TO INSTRUCT YOU ON THE LAW YOU ARE TO APPLY IN THIS CASE. THE LAW CONTAINED IN THESE INSTRUCTIONS IS THE ONLY LAW YOU MAY FOLLOW. IT IS YOUR DUTY TO FOLLOW WHAT I INSTRUCT YOU THE LAW IS, REGARDLESS OF ANY OPINION THAT YOU MIGHT HAVE AS TO WHAT THE LAW OUGHT TO BE.

IF I HAVE GIVEN YOU THE IMPRESSION DURING THE TRIAL THAT I FAVOR EITHER PARTY, YOU MUST DISREGARD THAT IMPRESSION. IF I HAVE GIVEN YOU THE IMPRESSION DURING THE TRIAL THAT I HAVE AN OPINION ABOUT THE FACTS OF THIS CASE, YOU MUST DISREGARD THAT IMPRESSION. YOU ARE THE SOLE JUDGES OF THE FACTS OF THIS CASE. OTHER THAN MY INSTRUCTIONS TO YOU ON

THE LAW, YOU SHOULD DISREGARD ANYTHING I MAY HAVE SAID OR DONE DURING THE TRIAL IN ARRIVING AT YOUR VERDICT.

YOU SHOULD CONSIDER ALL OF THE INSTRUCTIONS ABOUT THE LAW AS A WHOLE AND REGARD EACH INSTRUCTION IN LIGHT OF THE OTHERS, WITHOUT ISOLATING A PARTICULAR STATEMENT OR PARAGRAPH.

THE TESTIMONY OF THE WITNESSES AND OTHER EXHIBITS INTRODUCED BY THE PARTIES CONSTITUTE THE EVIDENCE. THE STATEMENTS OF COUNSEL ARE NOT EVIDENCE; THEY ARE ONLY ARGUMENTS. IT IS IMPORTANT FOR YOU TO DISTINGUISH BETWEEN THE ARGUMENTS OF COUNSEL AND THE EVIDENCE ON WHICH THOSE ARGUMENTS REST. WHAT THE LAWYERS SAY OR DO IS NOT EVIDENCE. YOU MAY, HOWEVER, CONSIDER THEIR ARGUMENTS IN LIGHT OF THE EVIDENCE THAT HAS BEEN ADMITTED AND DETERMINE WHETHER THE EVIDENCE ADMITTED IN THIS TRIAL SUPPORTS THE ARGUMENTS. YOU MUST DETERMINE THE FACTS FROM ALL THE TESTIMONY THAT YOU HAVE HEARD AND THE OTHER EVIDENCE SUBMITTED. YOU ARE THE JUDGES OF THE FACTS, BUT IN FINDING THOSE FACTS, YOU MUST APPLY THE LAW AS I INSTRUCT YOU.

YOU ARE REQUIRED BY LAW TO DECIDE THE CASE IN A FAIR, IMPARTIAL, AND UNBIASED MANNER, BASED ENTIRELY ON THE LAW AND ON THE EVIDENCE PRESENTED TO YOU IN THE COURTROOM. YOU MAY NOT BE INFLUENCED BY PASSION, PREJUDICE, OR SYMPATHY YOU MIGHT HAVE FOR THE PLAINTIFF OR THE

DEFENDANT IN ARRIVING AT YOUR VERDICT.

DO NOT LET BIAS, PREJUDICE OR SYMPATHY PLAY ANY PART IN YOUR DELIBERATIONS. ALL PERSONS, INCLUDING CORPORATIONS AND OTHER BUSINESS ENTITIES ARE EQUAL BEFORE THE LAW AND MUST BE TREATED AS EQUALS IN A COURT OF JUSTICE.

**BURDEN OF PROOF**

THE PLAINTIFF IN THIS MATTER, A CIVIL ACTION, IS BRANNON CROWE. THE PLAINTIFF IN A CIVIL ACTION HAS THE BURDEN OF PROVING HIS CASE BY A "PREPONDERANCE OF THE EVIDENCE." TO ESTABLISH BY A PREPONDERANCE OF THE EVIDENCE MEANS TO PROVE SOMETHING IS MORE LIKELY SO THAN NOT SO. IF YOU FIND THAT PLAINTIFF HAS FAILED TO PROVE ANY ELEMENT OF HIS CASE BY A PREPONDERANCE OF THE EVIDENCE, THEN HE CANNOT RECOVER ON THAT CLAIM.

SIMILARLY, THE DEFENDANT IN A CIVIL ACTION, WHO HERE IS MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC, BEARS THE BURDEN OF PROVING ANY CLAIM OR DEFENSE ASSERTED BY IT BY A PREPONDERANCE OF THE EVIDENCE. IF YOU FIND DEFENDANT HAS FAILED TO PROVE ANY ELEMENT OF ITS CLAIM OR DEFENSE BY A PREPONDERANCE OF THE EVIDENCE, THEN IT CANNOT RECOVER ON THAT CLAIM OR PREVAIL ON THAT DEFENSE.

**CONSIDERATION OF THE EVIDENCE**

IN DETERMINING WHETHER A FACT HAS BEEN PROVEN BY A PREPONDERANCE OF THE EVIDENCE, THE EVIDENCE YOU ARE TO CONSIDER CONSISTS OF THE TESTIMONY OF THE WITNESSES, THE DOCUMENTS AND OTHER EXHIBITS ADMITTED INTO EVIDENCE, AND ANY FAIR INFERENCES AND REASONABLE CONCLUSIONS YOU CAN DRAW FROM THE FACTS AND CIRCUMSTANCES THAT HAVE BEEN PROVEN.

GENERALLY SPEAKING, THERE ARE TWO TYPES OF EVIDENCE. ONE IS DIRECT EVIDENCE, SUCH AS TESTIMONY OF AN EYEWITNESS. THE OTHER IS INDIRECT OR CIRCUMSTANTIAL EVIDENCE. CIRCUMSTANTIAL EVIDENCE IS EVIDENCE THAT PROVES A FACT FROM WHICH YOU CAN LOGICALLY CONCLUDE ANOTHER FACT EXISTS. AS A GENERAL RULE, THE LAW MAKES NO DISTINCTION BETWEEN DIRECT AND CIRCUMSTANTIAL EVIDENCE, BUT SIMPLY REQUIRES THAT YOU FIND THE FACTS FROM A PREPONDERANCE OF ALL THE EVIDENCE, BOTH DIRECT AND CIRCUMSTANTIAL.

**NO INFERENCE FROM FILING SUIT**

THE FACT THAT A PARTY HAS FILED A LAWSUIT AND IS IN COURT SEEKING AN AWARD OF DAMAGES CREATES NO INFERENCE THAT THE PERSON IS ENTITLED TO A JUDGMENT. ANYONE MAY MAKE A CLAIM AND FILE A LAWSUIT. THE ACT OF MAKING A CLAIM IN A LAWSUIT, BY ITSELF, DOES NOT IN ANY WAY TEND TO ESTABLISH THAT CLAIM AND IS NOT EVIDENCE.

**WITNESS TESTIMONY**

YOU ALONE ARE TO DETERMINE THE QUESTIONS OF CREDIBILITY, OR TRUTHFULNESS, OF THE WITNESSES. IN WEIGHING THE TESTIMONY OF THE WITNESSES, YOU MAY CONSIDER THE WITNESS'S MANNER AND DEMEANOR ON THE WITNESS STAND, ANY FEELINGS OR INTEREST IN THE CASE, OR ANY PREJUDICE OR BIAS ABOUT THE CASE, THAT HE OR SHE MAY HAVE, AND THE CONSISTENCY OR INCONSISTENCY OF HIS OR HER TESTIMONY CONSIDERED IN THE LIGHT OF THE CIRCUMSTANCES. HAS THE WITNESS BEEN CONTRADICTED BY OTHER CREDIBLE EVIDENCE? HAS HE OR SHE MADE STATEMENTS AT OTHER TIMES AND PLACES CONTRARY TO THOSE MADE HERE ON THE WITNESS STAND? YOU MUST GIVE THE TESTIMONY OF EACH WITNESS THE CREDIBILITY THAT YOU THINK IT DESERVES.

EVEN THOUGH A WITNESS MAY BE A PARTY TO THE ACTION AND THEREFORE INTERESTED IN ITS OUTCOME, THE TESTIMONY MAY BE ACCEPTED IF IT IS NOT CONTRADICTED BY DIRECT EVIDENCE OR BY ANY INFERENCE THAT MAY BE DRAWN FROM THE EVIDENCE, IF YOU BELIEVE THE TESTIMONY.

YOU ARE NOT TO DECIDE THIS CASE BY COUNTING THE NUMBER OF WITNESSES WHO HAVE TESTIFIED ON THE OPPOSING SIDES. WITNESS TESTIMONY IS WEIGHED; WITNESSES ARE NOT COUNTED. THE TEST IS NOT THE RELATIVE NUMBER OF WITNESSES, BUT THE RELATIVE CONVINCING FORCE OF THE EVIDENCE. THE TESTIMONY OF A SINGLE WITNESS IS SUFFICIENT TO PROVE ANY FACT, EVEN IF A GREATER NUMBER OF WITNESSES TESTIFIED TO THE CONTRARY, IF AFTER CONSIDERING ALL OF THE OTHER EVIDENCE, YOU BELIEVE THAT WITNESS.

**EXPERT WITNESS TESTIMONY**

WHEN KNOWLEDGE OF TECHNICAL SUBJECT MATTER MAY BE HELPFUL TO THE JURY, A PERSON WHO HAS SPECIAL TRAINING OR EXPERIENCE IN THAT TECHNICAL FIELD IS PERMITTED TO STATE HIS OR HER OPINION ON THOSE TECHNICAL MATTERS. HOWEVER, YOU ARE NOT REQUIRED TO ACCEPT THAT OPINION. AS WITH ANY OTHER WITNESS, IT IS UP TO YOU TO DECIDE WHETHER TO RELY ON IT.

**IMPEACHMENT BY WITNESS'S INCONSISTENT STATEMENTS**

IN DETERMINING THE WEIGHT TO GIVE TO THE TESTIMONY OF A WITNESS, CONSIDER WHETHER THERE WAS EVIDENCE THAT AT SOME OTHER TIME THE WITNESS SAID OR DID SOMETHING, OR FAILED TO SAY OR DO SOMETHING, THAT WAS DIFFERENT FROM THE TESTIMONY GIVEN AT THE TRIAL.

A SIMPLE MISTAKE BY A WITNESS DOES NOT NECESSARILY MEAN THAT THE WITNESS DID NOT TELL THE TRUTH AS HE OR SHE REMEMBERS IT. PEOPLE MAY FORGET SOME THINGS OR REMEMBER OTHER THINGS INACCURATELY. IF A WITNESS MADE A MISSTATEMENT, CONSIDER WHETHER THAT MISSTATEMENT WAS AN INTENTIONAL FALSEHOOD OR SIMPLY AN INNOCENT MISTAKE. THE SIGNIFICANCE OF THAT MAY DEPEND ON WHETHER IT HAS TO DO WITH AN IMPORTANT FACT OR WITH ONLY AN UNIMPORTANT DETAIL.

**DEPOSITION TESTIMONY**

CERTAIN TESTIMONY HAS BEEN PRESENTED TO YOU DURING THE COURSE OF THE TRIAL THROUGH A DEPOSITION. A DEPOSITION IS THE SWORN, RECORDED ANSWERS TO QUESTIONS ASKED A WITNESS IN ADVANCE OF THE TRIAL. UNDER SOME CIRCUMSTANCES, IF A WITNESS CANNOT BE PRESENT TO TESTIFY FROM THE WITNESS STAND, THAT WITNESS' TESTIMONY MAY BE PRESENTED, UNDER OATH, IN THE FORM OF A DEPOSITION. THUS, SOME TIME BEFORE THIS TRIAL, ATTORNEYS REPRESENTING THE PARTIES IN THIS CASE QUESTIONED THIS WITNESS UNDER OATH. A COURT REPORTER WAS PRESENT AND RECORDED THE TESTIMONY. THE QUESTIONS AND ANSWERS WERE READ OR SHOWN TO YOU DURING THE COURSE OF THE TRIAL. THIS DEPOSITION TESTIMONY IS ENTITLED TO THE SAME CONSIDERATION, IS TO BE JUDGED BY YOU AS TO CREDIBILITY, AND IS TO BE WEIGHED AND OTHERWISE CONSIDERED BY YOU, IN THE SAME WAY, INSOFAR AS THAT IS POSSIBLE, AS IF THE WITNESS HAD BEEN PRESENT IN COURT AND HAD TESTIFIED FROM THE WITNESS STAND.

**CHARTS AND SUMMARIES**

CERTAIN CHARTS AND SUMMARIES HAVE BEEN SHOWN TO YOU SOLELY TO HELP EXPLAIN OR SUMMARIZE THE FACTS DISCLOSED BY THE BOOKS, RECORDS, AND OTHER DOCUMENTS THAT ARE IN EVIDENCE. THESE CHARTS AND SUMMARIES ARE NOT EVIDENCE OR PROOF OF ANY FACTS. YOU SHOULD DETERMINE THE FACTS FROM THE EVIDENCE.

## OBJECTIONS TO THE EVIDENCE

DURING THE COURSE OF TRIAL, YOU WILL HAVE HEARD OBJECTIONS TO EVIDENCE. SOMETIMES THESE HAVE BEEN ARGUED OUT OF THE HEARING OF THE JURY.

IT IS THE DUTY OF THE ATTORNEY ON EACH SIDE OF A CASE TO OBJECT WHEN THE OTHER SIDE OFFERS TESTIMONY OR OTHER EVIDENCE WHICH THE ATTORNEY BELIEVES IS NOT PROPERLY ADMISSIBLE. YOU SHOULD NOT DRAW ANY INFERENCE AGAINST OR SHOW ANY PREJUDICE AGAINST A LAWYER OR HIS CLIENT BECAUSE OF THE MAKING OF AN OBJECTION.

UPON ALLOWING TESTIMONY OR OTHER EVIDENCE TO BE INTRODUCED OVER THE OBJECTIONS OF AN ATTORNEY, THE COURT DOES NOT, UNLESS EXPRESSLY STATED, INDICATE ANY OPINION AS TO THE WEIGHT OR EFFECT OF SUCH EVIDENCE. AS STATED BEFORE, YOU THE JURY ARE THE SOLE JUDGES OF THE CREDIBILITY OF ALL WITNESSES AND THE WEIGHT AND EFFECT OF ALL EVIDENCE.

WHEN THE COURT HAS SUSTAINED AN OBJECTION TO A QUESTION ADDRESSED TO A WITNESS, THE JURY MUST DISREGARD THE QUESTION ENTIRELY, AND MAY DRAW NO INFERENCE FROM THE WORDING OF IT, OR SPECULATE AS TO WHAT THE WITNESS WOULD HAVE SAID IF PERMITTED TO ANSWER.

**FACTUAL STIPULATIONS**

AS YOU ALREADY HAVE BEEN TOLD, PLAINTIFF AND DEFENDANT HAVE STIPULATED TO CERTAIN FACTS IN THIS MATTER. A "STIPULATION" IS AN AGREEMENT THAT SOMETHING IS ACCURATE. WHEN THERE IS NO DISPUTE ABOUT CERTAIN FACTS, THE ATTORNEYS MAY AGREE OR "STIPULATE" TO THOSE FACTS. YOU MUST ACCEPT A STIPULATED FACT AS EVIDENCE AND TREAT THAT FACT AS HAVING BEEN PROVEN HERE IN COURT.

THE PARTIES HAVE STIPULATED AS TO THE FOLLOWING FACTS:

1. PLAINTIFF IS A RESIDENT OF THE STATE OF LOUISIANA.
2. PLAINTIFF WAS EMPLOYED AS A DECKHAND BY MARQUETTE TRANSPORTATION COMPANY GULF-INLAND LLC AT THE TIME OF HIS ALLEGED ACCIDENT.
3. PLAINTIFF WAS A SEAMAN AND MEMBER OF THE CREW OF THE M/V LADY OF GUADALUPE ON THE DATE OF HIS ALLEGED ACCIDENT – APRIL 22, 2014.

**SUBSTANTIVE LAW PRINCIPLES**

PLAINTIFF BRANNON CROWE IS SEEKING TO RECOVER MONETARY DAMAGES FROM DEFENDANT MARQUETTE FOR A KNEE INJURY THAT HE ALLEGEDLY SUFFERED, ON APRIL 22, 2014, WHILE WORKING ABOARD THE M/V LADY OF GUADALUPE. SPECIFICALLY, PLAINTIFF CLAIMS THAT HE SUFFERED A LEFT KNEE INJURY – A LARGE MENISCUS TEAR – WHEN HIS LEG TWISTED WHILE HE STOOD ON

THE VESSEL'S BULL RAIL, WHICH HAD WORN, INADEQUATE NON-SKID ON IT, SO THAT HE AND A CO-WORKER COULD TRANSFER A HEAVY PUMP FROM THE VESSEL TO THE DOCK. PLAINTIFF CONTENDS THAT THE WORN, INADEQUATE NON-SKID CREATED AN UNSAFE AND DANGEROUS CONDITION ON THE SIDE RAIL OF THE VESSEL.

AS YOU HAVE HEARD, DEFENDANT MARQUETTE CONTENDS THAT MR. CROWE MADE UP THE ENTIRE INCIDENT INVOLVING THE PUMP AND INSTEAD ACTUALLY HAD INJURED HIMSELF WHILE FISHING PRIOR TO BOARDING THE LADY OF GUADALUPE. AS A RESULT, MARQUETTE HAS ASSERTED A COUNTERCLAIM IN THIS CASE FOR FRAUD AGAINST MR. CROWE AND SEEKS TO RECOVER THE MAINTENANCE AND CURE BENEFITS THAT IT PAID TO HIM, OR ON HIS BEHALF, AS WELL AS OTHER DAMAGES. I WILL NOW EXPLAIN THE PRINCIPLES OF SUBSTANTIVE LAW APPLICABLE TO THE CLAIMS AND COUNTERCLAIM ASSERTED IN THIS ACTION.

PLAINTIFF, MR. CROWE, WHO IS A SEAMAN, HAS ASSERTED TWO SEPARATE CLAIMS AGAINST DEFENDANT MARQUETTE.

THE FIRST CLAIM, WHICH IS ASSERTED UNDER A FEDERAL LAW KNOWN AS THE JONES ACT, IS THAT PLAINTIFF'S EMPLOYER, DEFENDANT MARQUETTE, WAS NEGLIGENT, AND THAT THIS NEGLIGENCE WAS A CAUSE OF PLAINTIFF'S INJURIES.

THE SECOND CLAIM IS THAT UNSEAWORTHINESS OF A VESSEL CAUSED PLAINTIFF'S INJURIES.

EACH OF THESE CLAIMS ARE TO BE CONSIDERED SEPARATELY, AND A PLAINTIFF IS NOT REQUIRED TO PROVE BOTH OF THESE CLAIMS. RATHER, HE MAY RECOVER IF HE PROVES EITHER ONE OF THEM. HOWEVER, HE MAY RECOVER ONLY THOSE DAMAGES OR BENEFIT THE LAW PROVIDES FOR THE CLAIMS THAT HE PROVES, AND HE MAY NOT RECOVER THE SAME DAMAGES OR BENEFITS MORE THAN ONCE.

**JONES ACT-NEGLIGENCE**

UNDER THE JONES ACT, A PLAINTIFF MUST PROVE THAT HIS OR HER EMPLOYER WAS NEGLIGENT. NEGLIGENCE IS DOING AN ACT THAT A REASONABLY PRUDENT PERSON WOULD NOT DO, OR FAILING TO DO SOMETHING THAT A REASONABLY PRUDENT PERSON WOULD DO, UNDER THE SAME OR SIMILAR CIRCUMSTANCES. THE OCCURRENCE OF AN ACCIDENT, STANDING ALONE, DOES NOT MEAN THAT ANYONE WAS NEGLIGENT OR THAT ANYONE'S NEGLIGENCE CAUSED THE ACCIDENT.

IN A JONES ACT CLAIM, THE WORD "NEGLIGENCE" IS LIBERALLY INTERPRETED. IT INCLUDES ANY BREACH OF DUTY THAT AN EMPLOYER OWES TO ITS EMPLOYEES WHO ARE SEAMEN, INCLUDING THE DUTY OF PROVIDING FOR THE SAFETY OF THE CREW. UNDER THE JONES ACT, IF THE EMPLOYER'S NEGLIGENT ACT WAS THE CAUSE, IN WHOLE OR IN PART, OF INJURY TO A SEAMAN EMPLOYEE, THEN YOU MUST FIND THAT THE EMPLOYER IS LIABLE UNDER THE JONES ACT. IN

OTHER WORDS, UNDER THE JONES ACT, DEFENDANT BEARS THE RESPONSIBILITY FOR ANY NEGLIGENCE THAT PLAYED A PART, HOWEVER SLIGHT, IN CAUSING PLAINTIFF'S INJURY.

NEGLIGENCE UNDER THE JONES ACT MAY CONSIST OF A FAILURE TO COMPLY WITH A DUTY REQUIRED BY LAW. EMPLOYERS OF SEAMEN HAVE A DUTY TO PROVIDE THEIR EMPLOYEES WITH A REASONABLY SAFE PLACE TO WORK. IF YOU FIND THAT PLAINTIFF WAS INJURED BECAUSE DEFENDANT FAILED TO FURNISH HIM WITH A REASONABLY SAFE PLACE TO WORK, AND THAT PLAINTIFF'S WORKING CONDITIONS COULD HAVE BEEN MADE SAFE THROUGH THE EXERCISE OF REASONABLE CARE, THEN YOU MUST FIND THAT DEFENDANT WAS NEGLIGENT.

YOU MUST DETERMINE IF THE OPERATION IN QUESTION WAS REASONABLY SAFE UNDER THE CIRCUMSTANCES. THE FACT THAT A CERTAIN PRACTICE HAD BEEN CONTINUED FOR A LONG PERIOD OF TIME DOES NOT NECESSARILY MEAN THAT IT IS REASONABLY SAFE UNDER ALL CIRCUMSTANCES. A LONG-ACCEPTED PRACTICE MAY BE AN UNSAFE PRACTICE. A PRACTICE IS NOT NECESSARILY UNSAFE OR UNREASONABLE, HOWEVER, MERELY BECAUSE IT INJURES SOMEONE.

A SEAMAN'S EMPLOYER IS LEGALLY RESPONSIBLE FOR THE NEGLIGENCE OF ONE OF ITS EMPLOYEES WHILE THAT EMPLOYEE IS ACTING WITHIN THE COURSE AND SCOPE OF HIS EMPLOYMENT.

IF YOU FIND FROM A PREPONDERANCE OF THE EVIDENCE THAT DEFENDANT ASSIGNED PLAINTIFF TO PERFORM A TASK THAT PLAINTIFF WAS NOT ADEQUATELY TRAINED TO PERFORM, YOU MUST FIND THAT DEFENDANT WAS NEGLIGENT.

**UNSEAWORTHINESS**

PLAINTIFF'S SECOND CLAIM SEEKS DAMAGES FOR PERSONAL INJURY THAT HE CLAIMS WAS CAUSED BY THE UNSEAWORTHINESS OF DEFENDANT'S VESSEL, THE M/V LADY OF GUADALUPE.

A SHIPOWNER OWES EVERY MEMBER OF THE CREW EMPLOYED ON ITS VESSEL THE ABSOLUTE DUTY TO KEEP AND MAINTAIN THE VESSEL AND ALL ITS DECKS AND PASSAGEWAYS, APPLIANCES, GEAR, TOOLS, PARTS AND EQUIPMENT IN A SEAWORTHY CONDITION AT ALL TIMES.

A SEAWORTHY VESSEL IS ONE THAT IS REASONABLY FIT FOR ITS INTENDED USE. THE DUTY TO PROVIDE A SEAWORTHY VESSEL IS ABSOLUTE BECAUSE THE OWNER MAY NOT DELEGATE THAT DUTY TO ANYONE. LIABILITY FOR AN UNSEAWORTHY CONDITION DOES NOT IN ANY WAY DEPEND ON NEGLIGENCE OR FAULT OR BLAME. IF AN OWNER DOES NOT PROVIDE A SEAWORTHY VESSEL – A VESSEL THAT IS REASONABLY FIT FOR ITS INTENDED USE – NO AMOUNT OF CARE OR PRUDENCE EXCUSES THE OWNER.

THE DUTY TO PROVIDE A SEAWORTHY VESSEL INCLUDES THE DUTY TO SUPPLY AN ADEQUATE AND COMPETENT CREW. A VESSEL MAY BE UNSEAWORTHY EVEN THOUGH IT HAS A NUMERICALLY ADEQUATE CREW, IF TOO FEW PERSONS ARE ASSIGNED TO A GIVEN TASK.

HOWEVER, THE VESSEL OWNER IS NOT REQUIRED TO FURNISH AN ACCIDENT-FREE SHIP. IT NEED ONLY FURNISH A VESSEL AND APPURTENANCES THAT ARE REASONABLY FIT FOR THE INTENDED USE AND A CREW THAT IS REASONABLY ADEQUATE FOR THE ASSIGNED TASKS.

THE VESSEL OWNER IS NOT REQUIRED TO PROVIDE THE BEST APPLIANCES AND EQUIPMENT, OR THE FINEST CREWS, ON ITS VESSEL. IT IS REQUIRED TO PROVIDE ONLY GEAR THAT IS REASONABLY PROPER AND SUITABLE FOR ITS INTENDED USE AND A CREW THAT IS REASONABLY ADEQUATE.

IN SUMMARY, IF YOU FIND THAT THE VESSEL OWNER DID NOT PROVIDE AN ADEQUATE CREW OF SUFFICIENT NUMBER TO PERFORM THE TASKS REQUIRED, OR IF YOU FIND THAT THE VESSEL WAS IN ANY MANNER UNFIT UNDER THE LAW AS I HAVE EXPLAINED IT TO YOU, AND THAT THIS WAS A PROXIMATE CAUSE OF PLAINTIFF'S INJURY, A TERM I WILL EXPLAIN TO YOU, THEN YOU MAY FIND THAT THE VESSEL WAS UNSEAWORTHY AND THE VESSEL OWNER LIABLE, WITHOUT CONSIDERING ANY NEGLIGENCE ON THE PART OF THE VESSEL OWNER OR ANY OF

ITS EMPLOYEES.

HOWEVER, IF YOU FIND THAT THE OWNER HAD A CAPABLE CREW, AND HAD APPLIANCES AND GEAR THAT WERE SAFE AND SUITABLE FOR THEIR INTENDED USE, THEN THE VESSEL WAS NOT UNSEAWORTHY AND DEFENDANT IS NOT LIABLE TO PLAINTIFF ON THE CLAIM OF UNSEAWORTHINESS.

## CAUSATION

IN CONSIDERING PLAINTIFF'S CLAIMS FOR JONES ACT NEGLIGENCE AND UNSEAWORTHINESS, YOU ARE INSTRUCTED THAT NOT EVERY INJURY THAT FOLLOWS AN ACCIDENT NECESSARILY RESULTS FROM IT. RATHER, THE ACCIDENT MUST BE THE CAUSE OF THE INJURY. IN DETERMINING CAUSATION, DIFFERENT RULES APPLY TO THE JONES ACT CLAIM AND TO THE UNSEAWORTHINESS CLAIM.

UNDER THE JONES ACT, FOR BOTH THE EMPLOYER'S NEGLIGENCE AND ANY CONTRIBUTORY NEGLIGENCE BY THE SEAMAN PLAINTIFF, AN INJURY OR DAMAGE IS CONSIDERED CAUSED BY AN ACT OR FAILURE TO ACT IF THE ACT OR OMISSION BROUGHT ABOUT, OR ACTUALLY CAUSED, THE INJURY OR DAMAGE, IN WHOLE OR IN PART. IN OTHER WORDS, UNDER THE JONES ACT, A DEFENDANT AND A PLAINTIFF EACH BEAR THE RESPONSIBILITY FOR ANY NEGLIGENCE THAT PLAYED A PART, HOWEVER SLIGHT, IN CAUSING PLAINTIFF'S INJURY.

FOR THE UNSEAWORTHINESS CLAIM, THE SEAMAN MUST SHOW NOT MERELY THAT THE UNSEAWORTHY CONDITION WAS A CAUSE OF THE INJURY, BUT THAT

SUCH CONDITION WAS A PROXIMATE CAUSE OF THE INJURY. THIS MEANS THAT PLAINTIFF MUST SHOW THAT THE CONDITION IN QUESTION WAS A SUBSTANTIAL FACTOR IN BRINGING ABOUT OR ACTUALLY CAUSING HIS INJURY, AND THAT THE INJURY WAS EITHER A DIRECT RESULT OR A REASONABLY PROBABLE CONSEQUENCE OF THE CONDITION.

**COMPENSATORY DAMAGES**

IF YOU FIND THAT DEFENDANT MARQUETTE IS LIABLE, YOU MUST AWARD THE AMOUNT YOU FIND BY A PREPONDERANCE OF THE EVIDENCE IS FULL AND JUST COMPENSATION FOR ALL OF PLAINTIFF'S DAMAGES. COMPENSATORY DAMAGES ARE NOT ALLOWED AS A PUNISHMENT AGAINST A PARTY. SUCH DAMAGES CANNOT BE BASED ON SPECULATION, BECAUSE COMPENSATORY DAMAGES MUST BE ACTUAL DAMAGES TO BE RECOVERABLE. BUT COMPENSATORY DAMAGES ARE NOT RESTRICTED TO OUT-OF-POCKET LOSSES OF MONEY OR LOST TIME. INSTEAD, COMPENSATORY DAMAGES MAY INCLUDE MENTAL AND PHYSICAL ASPECTS OF INJURY, TANGIBLE AND INTANGIBLE. COMPENSATORY DAMAGES ARE INTENDED TO MAKE PLAINTIFF WHOLE, OR TO RESTORE HIM TO THE POSITION HE WOULD HAVE BEEN IN IF THE ACCIDENT HAD NOT HAPPENED.

IN DETERMINING COMPENSATORY DAMAGES, YOU SHOULD CONSIDER ONLY THE FOLLOWING ELEMENTS, TO THE EXTENT YOU FIND THAT PLAINTIFF HAS ESTABLISHED THEM BY A PREPONDERANCE OF THE EVIDENCE: (1) PAST AND

FUTURE PHYSICAL PAIN AND SUFFERING, INCLUDING PHYSICAL DISABILITY, IMPAIRMENT, AND INCONVENIENCE; (2) THE EFFECT OF PLAINTIFF'S INJURIES AND INCONVENIENCE ON THE NORMAL PURSUITS AND PLEASURES OF LIFE; (3) PAST AND FUTURE MENTAL ANGUISH, INCLUDING FEELINGS OF ECONOMIC INSECURITY CAUSED BY DISABILITY; (4) INCOME LOSS IN THE PAST; AND (5) IMPAIRMENT OF EARNING CAPACITY OR ABILITY IN THE FUTURE, INCLUDING IMPAIRMENT OF PLAINTIFF'S EARNING CAPACITY DUE TO HIS PHYSICAL CONDITION.

LOSS OF EARNING CAPACITY IS NOT THE SAME AS LOST WAGES. RATHER, EARNING CAPACITY REFERS TO A PERSON'S POTENTIAL. EARNING CAPACITY IS NOT NECESSARILY DETERMINED BY ACTUAL LOSS. WHILE THE PLAINTIFF'S EARNINGS AT THE TIME OF THE ACCIDENT MAY BE RELEVANT, SUCH FIGURES ARE NOT NECESSARILY INDICATIVE OF HIS PAST OR FUTURE LOST EARNING CAPACITY. THE PLAINTIFF NEED NOT BE WORKING OR EVEN IN A CERTAIN PROFESSION TO RECOVER THIS TYPE OF AWARD. WHAT IS BEING COMPENSATED IS THE PLAINTIFF'S LOST ABILITY TO EARN A CERTAIN AMOUNT, AND HE MAY RECOVER SUCH DAMAGES EVEN THOUGH HE MAY NEVER HAVE SEEN FIT TO TAKE ADVANTAGE OF THAT CAPACITY.

FACTORS TO CONSIDER IN FIXING AWARDS FOR LOSS OF EARNING CAPACITY INCLUDE: AGE, WORK LIFE EXPECTANCY, THE ANNUAL WAGE RATE INCREASE, PROSPECTS FOR REHABILITATION, PROBABLE FUTURE EARNING CAPACITY, LOSS OF EARNING CAPACITY, AND INFLATION.

IN ADDITION, IF YOU FIND THAT PLAINTIFF IS ENTITLED TO AN AWARD OF DAMAGES FOR LOSS OF PAST OR FUTURE EARNINGS, THERE ARE TWO OTHER PARTICULAR FACTORS YOU MUST CONSIDER.

FIRST, YOU SHOULD CONSIDER LOSS AFTER INCOME TAXES; THAT IS YOU SHOULD DETERMINE THE ACTUAL OR NET INCOME THAT PLAINTIFF HAS LOST OR WILL LOSE, TAKING INTO CONSIDERATION THAT ANY PAST OR FUTURE EARNINGS WOULD BE SUBJECT TO INCOME TAXES. YOU MUST AWARD THE PLAINTIFF ONLY HIS NET EARNINGS AFTER TAX. THIS IS SO BECAUSE ANY AWARD YOU MAY MAKE HERE IS NOT SUBJECT TO INCOME TAX. THE FEDERAL OR STATE GOVERNMENT WILL NOT TAX ANY AMOUNT THAT YOU AWARD ON THIS BASIS.

SECOND, AN AMOUNT TO COVER A FUTURE LOSS OF EARNINGS IS MORE VALUABLE TO A PLAINTIFF IF HE RECEIVED THE AMOUNT TODAY THAN IF HE RECEIVED THE SAME AMOUNT IN THE FUTURE. IF YOU DECIDE TO AWARD PLAINTIFF AN AMOUNT FOR LOST FUTURE EARNINGS, YOU MUST DISCOUNT THAT AMOUNT TO PRESENT VALUE BY CONSIDERING WHAT RETURN WOULD BE REALIZED ON A RELATIVELY RISK FREE INVESTMENT AND DEDUCTING THAT AMOUNT FROM THE GROSS FUTURE EARNING AWARD.

IF YOU DECIDE TO AWARD COMPENSATORY DAMAGES, YOU SHOULD BE GUIDED BY DISPASSIONATE COMMON SENSE. COMPUTING DAMAGES MAY BE

DIFFICULT, BUT YOU MUST NOT LET THAT DIFFICULTY LEAD YOU TO ENGAGE IN ARBITRARY GUESSWORK. ON THE OTHER HAND, THE LAW DOES NOT REQUIRE THAT A PLAINTIFF PROVE THE AMOUNT OF HIS OR HER LOSSES WITH MATHEMATICAL PRECISION, BUT ONLY WITH AS MUCH DEFINITENESS AND ACCURACY AS THE CIRCUMSTANCES PERMIT.

YOU MUST USE SOUND DISCRETION IN FIXING AN AWARD OF DAMAGES, DRAWING REASONABLE INFERENCES WHERE YOU FIND THEM APPROPRIATE FROM THE FACTS AND CIRCUMSTANCES IN EVIDENCE. HOWEVER, SOME OF THESE DAMAGES, SUCH AS MENTAL OR PHYSICAL PAIN AND SUFFERING, ARE INTANGIBLE THINGS ABOUT WHICH NO EVIDENCE OF VALUE IS REQUIRED. IN AWARDING THESE DAMAGES, YOU ARE NOT DETERMINING VALUE, INSTEAD YOU ARE DETERMINING WHAT AMOUNT WILL FAIRLY COMPENSATE PLAINTIFF FOR HIS INJURIES.

**<u>CONTRIBUTORY NEGLIGENCE</u>**

AS I PREVIOUSLY EXPLAINED TO YOU, DEFENDANT MARQUETTE CONTENDS THAT PLAINTIFF, MR. CROWE, WAS NEGLIGENT AND THAT PLAINTIFF'S NEGLIGENCE CAUSED OR CONTRIBUTED TO CAUSING HIS INJURY. THIS IS THE DEFENSE OF CONTRIBUTORY NEGLIGENCE. ANY CONTRIBUTORY NEGLIGENCE ATTRIBUTABLE TO PLAINTIFF WILL BE CONSIDERED A CAUSE OF THE INJURY IF IT PLAYED A PART – NO MATTER HOW SLIGHT – IN BRINGING ABOUT HIS INJURY. DEFENDANT HAS THE BURDEN OF PROVING THAT PLAINTIFF WAS CONTRIBUTORILY NEGLIGENT. IF PLAINTIFF'S NEGLIGENCE CONTRIBUTED TO HIS INJURY, HE MAY STILL RECOVER

DAMAGES, BUT THE AMOUNT OF HIS RECOVERY WILL BE REDUCED BY THE EXTENT OF HIS CONTRIBUTORY NEGLIGENCE.

A SEAMAN IS OBLIGATED UNDER THE JONES ACT TO ACT WITH ORDINARY PRUDENCE UNDER THE CIRCUMSTANCES. THE CIRCUMSTANCES OF A SEAMAN'S EMPLOYMENT INCLUDE NOT ONLY HIS RELIANCE ON HIS EMPLOYER TO PROVIDE A SAFE WORK ENVIRONMENT, BUT ALSO HIS OWN EXPERIENCE, TRAINING AND EDUCATION. UNDER THE JONES ACT, A SEAMAN HAS THE DUTY TO EXERCISE THAT DEGREE OF CARE FOR HIS OWN SAFETY THAT A REASONABLE SEAMAN WOULD EXERCISE IN LIKE CIRCUMSTANCES.

IF YOU FIND THAT DEFENDANT WAS NEGLIGENT AND/OR THE VESSEL WAS UNSEAWORTHY, AND THAT THE NEGLIGENCE AND/OR UNSEAWORTHINESS WAS A PROXIMATE (LEGAL) CAUSE OF PLAINTIFF'S INJURY, BUT YOU ALSO FIND THAT THE ACCIDENT WAS DUE PARTLY TO PLAINTIFF'S CONTRIBUTORY NEGLIGENCE, THEN YOU MUST DETERMINE THE PERCENTAGE PLAINTIFF'S NEGLIGENCE CONTRIBUTED TO THE ACCIDENT. YOU WILL PROVIDE THIS INFORMATION BY FILLING IN THE APPROPRIATE BLANKS IN THE WRITTEN JURY QUESTIONS THAT WILL BE PROVIDED TO YOU. DO NOT MAKE ANY REDUCTION IN THE AMOUNT OF DAMAGES THAT YOU AWARD TO PLAINTIFF. IT IS MY JOB TO REDUCE ANY DAMAGES THAT YOU AWARD BY ANY PERCENTAGE OF CONTRIBUTORY NEGLIGENCE THAT YOU ASSIGN TO PLAINTIFF.

**CALCULATION OF DAMAGES: THE PARTIES' DUTY TO MITIGATE**

YOU ARE FURTHER INSTRUCTED THAT A PERSON WHO CLAIMS DAMAGES RESULTING FROM THE WRONGFUL ACT OF ANOTHER HAS A DUTY UNDER THE LAW TO USE REASONABLE DILIGENCE TO MITIGATE – TO AVOID OR MINIMIZE – THOSE DAMAGES.

IF ONE PARTY IS LIABLE AND THE OTHER PARTY HAS SUFFERED DAMAGES, THE INJURED PARTY MAY NOT RECOVER FOR ANY ITEM OF DAMAGE THAT PARTY COULD HAVE AVOIDED THROUGH REASONABLE EFFORT. THUS, IF YOU FIND BY A PREPONDERANCE OF THE EVIDENCE THAT A PARTY UNREASONABLY FAILED TO TAKE ADVANTAGE OF AN OPPORTUNITY TO LESSEN HIS DAMAGES, YOU SHOULD DENY THAT PARTY RECOVERY FOR THE DAMAGES THE PARTY WOULD HAVE AVOIDED HAD HE TAKEN ADVANTAGE OF THE OPPORTUNITY.

YOU ARE THE SOLE JUDGE OF WHETHER A PARTY ACTED REASONABLY IN AVOIDING OR MINIMIZING DAMAGES. AN INJURED PARTY MAY NOT SIT IDLY BY WHEN PRESENTED WITH AN OPPORTUNITY TO REDUCE HIS DAMAGES. HOWEVER, AN INJURED PARTY IS NOT REQUIRED TO EXERCISE UNREASONABLE EFFORTS OR INCUR UNREASONABLE EXPENSES IN MITIGATING THE DAMAGES.

EACH PARTY HAS THE BURDEN OF PROVING THE DAMAGES THAT THE OTHER PARTY COULD HAVE MITIGATED. IN DECIDING WHETHER TO REDUCE AN INJURED PARTY'S DAMAGES BECAUSE OF AN ALLEGED FAILURE TO MITIGATE, YOU MUST

WEIGH ALL THE EVIDENCE IN LIGHT OF THE PARTICULAR CIRCUMSTANCES OF THE CASE, USING SOUND DISCRETION IN DECIDING WHETHER THE LIABLE PARTY HAS SATISFIED ITS BURDEN OF PROVING THAT THE INJURED PARTY'S CONDUCT WAS NOT REASONABLE.

**FRAUD**

AS I PREVIOUSLY INDICATED, DEFENDANT MARQUETTE HAS FILED A COUNTERCLAIM IN THIS CASE AGAINST PLAINTIFF MR. CROWE ON THE GROUNDS THAT PLAINTIFF HAS PERPETUATED A FRAUD BY PRETENDING HE WAS INJURED ON THE M/V LADY OF GUADALUPE WHEN, IN FACT, HIS INJURY OCCURRED ELSEWHERE. MARQUETTE CONTENDS THAT MR. CROWE MISREPRESENTED THE FACTS SURROUNDING HIS ALLEGED ACCIDENT AND INJURY IN ORDER TO SECURE MAINTENANCE AND CURE BENEFITS, THAT IS, MEDICAL TREATMENT FOR HIS INJURY AND LIVING EXPENSES DURING HIS RECUPERATION UNTIL HE REACHED MAXIMUM MEDICAL IMPROVEMENT.

MAINTENANCE AND CURE PROVIDES A SEAMAN WHO IS DISABLED BECAUSE OF AN INJURY AND/OR ILLNESS SUFFERED WHILE THE SEAMAN IS IN THE SERVICE OF SHIP WITH MEDICAL CARE AND TREATMENT, AND THE MEANS OF MAINTAINING HIMSELF WHILE HE IS RECUPERATING. MAINTENANCE AND CURE CLAIMS ARE SEPARATE AND INDEPENDENT FROM CLAIMS ASSERTED FOR JONES ACT NEGLIGENCE AND/OR UNSEAWORTHINESS, AND ARE TO BE DECIDED SEPARATELY FROM A DETERMINATION OF THOSE CLAIMS. WHEN THERE ARE AMBIGUITIES OR

DOUBTS ABOUT A SEAMAN'S RIGHT TO MAINTENANCE AND CURE, THOSE AMBIGUITIES OR DOUBTS ARE TO BE RESOLVED IN THE SEAMAN'S FAVOR. AS PREVIOUSLY STATED, HOWEVER, AN INJURED SEAMAN MAY NOT RECOVER THE SAME DAMAGES OR BENEFITS MORE THAN ONCE.

A SEAMAN IS ENTITLED TO MAINTENANCE AND CURE EVEN IF HE WAS NOT INJURED AS A RESULT OF ANY NEGLIGENCE ON THE PART OF HIS EMPLOYER OR ANY UNSEAWORTHY CONDITION OF THE VESSEL. TO RECOVER MAINTENANCE AND CURE, PLAINTIFF NEED ONLY SHOW THAT HE SUFFERED INJURY OR ILLNESS WHILE IN THE SERVICE OF THE VESSEL ON WHICH HE WAS EMPLOYED AS A SEAMAN, WITHOUT WILLFUL MISBEHAVIOR ON HIS PART. THE INJURY OR ILLNESS NEED NOT BE WORK-RELATED; IT NEED ONLY OCCUR WHILE THE SEAMAN IS IN THE SHIP'S SERVICE. IN ADDITION, MAINTENANCE AND CURE MAY NOT BE REDUCED BECAUSE OF ANY NEGLIGENCE ON THE SEAMAN'S PART.

THE "CURE" TO WHICH A SEAMAN MAY BE ENTITLED INCLUDES THE COSTS OF MEDICAL ATTENTION, INCLUDING THE SERVICES OF PHYSICIANS AND NURSES AS WELL AS HOSPITALIZATION, MEDICINES, AND MEDICAL APPARATUS. HOWEVER, THE EMPLOYER HAS NO DUTY TO PROVIDE CURE FOR ANY PERIOD DURING WHICH A SEAMAN IS HOSPITALIZED AT THE EMPLOYER'S EXPENSE.

"MAINTENANCE" IS THE COST OF FOOD, LODGING, AND TRANSPORTATION TO AND FROM A MEDICAL FACILITY. A SEAMAN IS NOT ENTITLED TO MAINTENANCE FOR ANY PERIOD THAT HE IS AN INPATIENT IN ANY HOSPITAL, BECAUSE THE CURE PROVIDED BY THE EMPLOYER THROUGH HOSPITALIZATION INCLUDES THE SEAMAN'S FOOD AND LODGING.

IN THIS ACTION, IT IS UNDISPUTED THAT DEFENDANT MARQUETTE HAS PROVIDED PLAINTIFF WITH MAINTENANCE AND CURE SUCH THAT NO ADDITIONAL AWARD OF SUCH BENEFITS IS SOUGHT BY, OR TO BE AWARDED TO, PLAINTIFF.

MR. CROWE DENIES HE IS GUILTY OF ANY FRAUD, MAINTAINS THAT HE WAS IN FACT INJURED ON THE M/V LADY OF GUADALUPE WHILE MOVING A PUMP, AND OTHERWISE CONTENDS THAT MARQUETTE'S COUNTERCLAIM HAS NO BASIS IN FACT.

FRAUD IS A MISREPRESENTATION OR A SUPPRESSION OF THE TRUTH MADE WITH THE INTENTION EITHER TO OBTAIN AN UNJUST ADVANTAGE FOR ONE PARTY OR TO CAUSE A LOSS OR INCONVENIENCE TO THE OTHER. FRAUD MAY ALSO RESULT FROM SILENCE OR INACTION. FRAUD NEED ONLY BE PROVED BY A PREPONDERANCE OF THE EVIDENCE AND MAY BE ESTABLISHED BY CIRCUMSTANTIAL EVIDENCE.

A PARTY WHO IS GUILTY OF FRAUD IS LIABLE FOR DAMAGES AND ATTORNEYS' FEES.

## CLOSING INSTRUCTIONS

IT IS NOW YOUR DUTY TO DELIBERATE AND TO CONSULT WITH ONE ANOTHER IN AN EFFORT TO REACH A VERDICT. EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT ONLY AFTER AN IMPARTIAL CONSIDERATION OF THE EVIDENCE WITH YOUR FELLOW JURORS. DURING YOUR DELIBERATIONS, DO NOT HESITATE TO RE EXAMINE YOUR OWN OPINIONS AND CHANGE YOUR MIND IF YOU ARE CONVINCED THAT YOU WERE WRONG. BUT DO NOT GIVE UP ON YOUR HONEST BELIEFS BECAUSE THE OTHER JURORS THINK DIFFERENTLY, OR JUST TO FINISH THE CASE. REMEMBER AT ALL TIMES, YOU ARE THE JUDGES OF THE FACTS.

YOU HAVE BEEN ALLOWED TO TAKE NOTES DURING THIS TRIAL. ANY NOTES THAT YOU TOOK DURING THIS TRIAL ARE ONLY AIDS TO MEMORY. IF YOUR MEMORY DIFFERS FROM YOUR NOTES, YOU SHOULD RELY ON YOUR MEMORY AND NOT ON THE NOTES. THE NOTES ARE NOT EVIDENCE. IF YOU DID NOT TAKE NOTES, RELY ON YOUR INDEPENDENT RECOLLECTION OF THE EVIDENCE AND DO NOT BE UNDULY INFLUENCED BY THE NOTES OF OTHER JURORS. NOTES ARE NOT ENTITLED TO GREATER WEIGHT THAN THE RECOLLECTION OR IMPRESSION OF EACH JUROR ABOUT THE TESTIMONY.

I HAVE PREPARED A SPECIAL VERDICT FORM FOR YOUR CONVENIENCE AND TO AID YOU IN REACHING A UNANIMOUS DECISION. YOU WILL TAKE THE FORM WITH YOU TO THE JURY ROOM. THE VERDICT MUST REPRESENT THE CONSIDERED

JUDGMENT OF EACH JUROR. YOUR VERDICT MUST BE UNANIMOUS ON EACH AND EVERY QUESTION THAT YOU ARE CALLED ON TO DECIDE.

**[READ JURY VERDICT FORM]**

WHEN YOU GO INTO THE JURY ROOM TO DELIBERATE, YOU WILL ALSO TAKE WITH YOU A COPY OF THE INSTRUCTIONS I AM READING TO YOU NOW, THE EXHIBITS THAT I HAVE ADMITTED INTO EVIDENCE, AND ANY NOTES YOU MAY HAVE TAKEN. ONCE IN THE JURY ROOM, YOU MUST SELECT A JURY FOREPERSON TO GUIDE YOU IN YOUR DELIBERATIONS AND TO SPEAK FOR YOU HERE IN THE COURTROOM.

DURING THOSE DELIBERATIONS, YOU MUST NOT COMMUNICATE WITH OR PROVIDE ANY INFORMATION TO ANYONE BY ANY MEANS ABOUT THIS CASE. YOU MAY NOT USE ANY ELECTRONIC DEVICE OR MEDIA, SUCH AS A TELEPHONE, CELL PHONE, SMART PHONE, IPHONE, BLACKBERRY OR COMPUTER; THE INTERNET, ANY INTERNET SERVICE, OR ANY TEXT OR INSTANT MESSAGING SERVICE; OR ANY INTERNET CHAT ROOM, BLOG, OR WEBSITE SUCH AS FACEBOOK, MY SPACE, LINKEDIN, YOUTUBE OR TWITTER, TO COMMUNICATE TO ANYONE ANY INFORMATION ABOUT HIS CASE OR TO CONDUCT ANY RESEARCH ABOUT THIS CASE UNTIL I ACCEPT YOUR VERDICT. AND, IF YOU RECESS DURING YOUR DELIBERATIONS, FOLLOW ALL OF THE INSTRUCTIONS THAT THE COURT HAS GIVEN YOU ABOUT YOUR CONDUCT DURING THE TRIAL.

IF YOU NEED TO COMMUNICATE WITH ME DURING YOUR DELIBERATIONS, THE JURY FOREPERSON SHOULD WRITE THE INQUIRY AND GIVE IT TO THE COURT SECURITY OFFICER. AFTER CONSULTING WITH THE ATTORNEYS, I WILL RESPOND EITHER IN WRITING OR BY MEETING WITH YOU IN THE COURTROOM.

AFTER YOU HAVE REACHED A UNANIMOUS VERDICT, YOUR JURY FOREPERSON MUST FILL OUT THE ANSWERS TO THE WRITTEN QUESTIONS ON THE VERDICT FORM AND SIGN AND DATE IT. YOU WILL THEN RETURN TO THE COURTROOM.

AFTER YOU HAVE CONCLUDED YOUR SERVICE AND I HAVE DISCHARGED THE JURY, YOU ARE NOT REQUIRED TO TALK WITH ANYONE ABOUT THE CASE. KEEP IN MIND, HOWEVER, THAT YOU MUST NEVER DISCLOSE TO ANYONE, NOT EVEN TO ME, YOUR NUMERICAL DIVISION ON ANY QUESTION.

YOU MAY NOW PROCEED TO THE JURY ROOM TO BEGIN YOUR DELIBERATIONS.